UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KIRK COTTOM,

              Plaintiff,

      v.

UNITED STATES DEPARTMENT OF
JUSTICE (DOJ),

              Defendant.
_____

**DECISION AND ORDER**

6:23-CV-6307 EAW

## I.    INTRODUCTION

*Pro se* plaintiff Kirk Cottom ("Plaintiff") alleges that the United States Department of Justice ("DOJ" or "Defendant") has violated the Freedom of Information Act ("FOIA"). (Dkt. 1). Plaintiff has filed a motion for a preliminary injunction, asking the Court to require Defendant to complete the processing of his FOIA request within 20 days. (Dkt. 9). Because he has not made a showing of irreparable harm, Plaintiff's request for a preliminary injunction is denied.

## II.    BACKGROUND

Plaintiff submitted a request under FOIA to the Federal Bureau of Investigation ("FBI") on March 14, 2022, seeking "all 'Operation Torpedo' Network Investigation Technique (NIT) Reports." (Dkt. 15 at 2). On March 22, 2022, the FBI sent a letter to Plaintiff acknowledging his FOIA request and indicating that it "did not contain sufficient information to conduct an accurate search of the Central Records System." (*Id*. at 4). This

letter further requested that Plaintiff provide any additional information he had to assist the FBI in searching for records. (*Id*.).

On March 27, 2022, Plaintiff sent a reply letter indicating he was seeking "the 15 FBI 'Interface Reports' used to initiate the prosecution of Nebraska Case Nos. 8:13CR105, 8:13CR106; 8:13CR107 & 8:13CR108." (*Id*. at 8). The FBI sent Plaintiff a letter on April 11, 2022, advising that his request had been received at FBI Headquarters for processing. (*Id*. at 10). On December 22, 2022, the FBI sent Plaintiff a letter advising him that it had conducted a search of the Central Records System and had been unable to identify responsive records. (*Id*. at 25).

Plaintiff filed an administrative appeal on February 1, 2023. (*Id*. at 30). On February 14, 2023, the DOJ Office of Information Policy ("OIP") sent Plaintiff a letter advising him that his appeal had been received. (*Id*. at 33). On April 7, 2023, OIP sent Plaintiff a letter affirming the FBI's action on his request and determining that "the FBI's action was correct and that it conducted an adequate, reasonable search" for the requested records. (*Id*. at 35).

Plaintiff submitted a second FOIA request via letter dated February 1, 2023, to DOJ's Criminal Division. (Dkt. 12 at 8). In this letter, Plaintiff requested "copies of all 'correspondence' (formal and informal) from DOJ Attorney Keith A. Becker ('Becker') to FBI Special Agents, Foreign Law Enforcement Agents, Prosecution & Defense Attorneys and Prosecution & Defense Experts, regarding the FBI's *Operation Torpedo (2012 to 2015) & Operation Pacifier (2015 to 2018)* that were run by Becker." (*Id*.). On June 22, 2023, the Criminal Division sent Plaintiff a letter acknowledging that his request had been

received on February 16, 2023, and indicating that a search was ongoing. (*Id*. at 11). In a declaration dated September 13, 2023, Christina Butler, the Chief of the Freedom of Information Act/Privacy Act Unit in the Office of Enforcement Operations in the Criminal Division, explained that a search for documents responsive to Plaintiff's request continues and that the Criminal Division would "not be able to provide Plaintiff with a potentially responsive page count until at least October 30, 2023." (Dkt. 12 at ¶ 12).

Plaintiff commenced this action on June 5, 2023. (Dkt. 1). He filed his motion for a preliminary injunction on August 23, 2023 (Dkt. 9), and Defendant filed its opposition on September 15, 2023 (Dkt. 11; Dkt. 12; Dkt. 13).

### III. **DISCUSSION**

The standard for a preliminary injunction in the Second Circuit is as follows:

> In general, district courts may grant a preliminary injunction where a plaintiff demonstrates irreparable harm and meets one of two related standards: either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.

*Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quotations omitted). "A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 672 (2d Cir. 2023) (citation and internal quotation marks omitted).

In his motion for a preliminary injunction, Plaintiff has made no showing that he is likely to suffer irreparable harm if he is not granted relief—the words "irreparable harm" do not even appear in his motion papers. Indeed, as discussed in Defendant's opposition papers (*see* Dkt. 13 at 5-7), a showing of irreparable harm is rare in the context of a FOIA

case like this, where Plaintiff "has failed to demonstrate any time sensitive need for [the requested] information that will be irreparably lost if disclosure does not occur immediately and this case is allowed to proceed down the typical path of FOIA litigation." *Sai v. Transportation Sec. Admin.*, 54 F. Supp. 3d 5, 11 (D.D.C. 2014) (quotation omitted). Absent such a showing, Plaintiff's request for a preliminary injunction must be denied. *See Nat'l Rifle Ass'n of Am. V. Cuomo*, No. 1:18-CV-0566, 2020 WL 13179551, at *10 (N.D.N.Y. July 13, 2020) ("Absent a clear demonstration of irreparable harm if the sought-after injunction is not issued, Plaintiff's motion for a preliminary injunction must be denied and the Court need not address the remaining preliminary injunction elements.").

IV. **CONCLUSION**

Because Plaintiff has not satisfied the standard for issuance of a preliminary injunction, his motion for that relief (Dkt. 9) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: October 16, 2023
 Rochester, New York