UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KIRK COTTOM,

                  Plaintiff,

    v.

UNITED STATES DEPARTMENT OF
JUSTICE (DOJ),

                  Defendant.

**DECISION AND ORDER**

6:23-CV-06307 EAW CDH

---

## INTRODUCTION

Plaintiff Kirk Cottom ("Plaintiff") alleges in this action that the United States Department of Justice ("DOJ" or "Defendant") violated 5 U.S.C. § 552, known as the Freedom of Information Act ("FOIA"). (Dkt. 1; Dkt. 9 at 1). Defendant has filed a motion to: (1) extend the deadline to complete the processing of Plaintiff's FOIA request directed to the DOJ's Criminal Division to May 30, 2025; and (2) extend all other deadlines set in the Court's February 1, 2024 scheduling order by 120 days. (Dkt. 26 at 1; Dkt. 26-1 at ¶ 6). Plaintiff opposes Defendant's request. (Dkt. 28). For the reasons that follow, Defendant's motion for an extension is granted.

## BACKGROUND

Plaintiff submitted a FOIA request via letter dated February 1, 2023, to the DOJ's Criminal Division. (Dkt. 12 at 8; Dkt. 26-1 at 2).[1]  In this letter, Plaintiff

---

[1]    Plaintiff submitted another request under FOIA to the Federal Bureau of Investigation ("FBI") on March 14, 2022, seeking "all 'Operation Torpedo' Network Investigation Technique (NIT) Reports." (Dkt. 15 at 2). On December 22, 2022, the FBI sent Plaintiff a letter advising him that it had conducted a search of the Central

requested "copies of all 'correspondence' (formal and informal) from DOJ Attorney Keith A. Becker ('Becker') to FBI Special Agents, Foreign Law Enforcement Agents, Prosecution & Defense Attorneys and Prosecution & Defense Experts, regarding the FBI's *Operation Torpedo (2012 to 2015) & Operation Pacifier (2015 to 2018)* that were run by Becker." (Dkt. 12 at ¶ 4; Dkt. 26-1 at ¶ 7, Ex. A.).

Plaintiff commenced this action on June 5, 2023. (Dkt. 1). On June 22, 2023, Defendant sent Plaintiff a letter acknowledging that his request had been received on February 16, 2023, and indicating that a search was ongoing. (Dkt. 12 at ¶ 5).

Chief Judge Elizabeth A. Wolford, the presiding District Judge, referred the matter to Magistrate Judge Marian W. Payson for all pretrial matters, excluding dispositive motions. (Dkt. 8). On February 1, 2024, Judge Payson entered a scheduling order pursuant to which the deadline for Defendant to complete Plaintiff's FOIA request directed to the Criminal Division expired on January 31, 2025. (Dkt. 21). The scheduling order also set the deadline to file dispositive motions and a *Vaughn* index or declaration for April 20, 2025. *Id.*

The referral order was reassigned to the undersigned on January 7, 2025. (Dkt. 25). On January 30, 2025, Defendant filed its pending motion for an extension of the scheduling order deadlines. (Dkt. 26). Plaintiff filed his opposition on February 6, 2025. (Dkt. 28).

---

Records System and had been unable to identify responsive records. (*Id.* at 25). After Plaintiff filed an administrative appeal, on April 7, 2023, the DOJ Office of Information Policy sent Plaintiff a letter affirming the FBI's action on his request. (*Id.* at 35).

## DISCUSSION

"FOIA requires agencies, in response to duly made demands, to timely produce requested documents, or to provide justification why the documents may be exempt from production." *Nat'l Day Laborer Org. Network v. United States Immigr. & Customs Enf't*, 236 F. Supp. 3d 810, 814 (S.D.N.Y. 2017). The default rule under FOIA is that "[e]ach agency, upon any request for records . . . shall determine within 20 days . . . after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor[.]" 5 U.S.C. § 552(a)(6)(A)(i)(l).

"The 20-working-day timeline is not absolute. In 'unusual circumstances,' an agency may extend the time limit to up to 30 working days by written notice to the requester." *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 184 (D.C. Cir. 2013) ("*CREW*") (quoting 5 U.S.C. § 552(a)(6)(B)(i)). In this case, DOJ advised Plaintiff by letter dated June 22, 2024, that it had determined that his request presented unusual circumstances and that it was "extending the time limit to respond to the request an additional ten days as provided by the statute." (Dkt. 12 at ¶ 5).

"If the agency does not make a 'determination' within the relevant statutory time period, the requester may file suit without exhausting administrative appeal remedies. Once in court, however, the agency may further extend its response time if it demonstrates 'exceptional circumstances' to the court." *CREW*, 711 F.3d at 185 (quoting 5 U.S.C. § 552(a)(6)(C)(i), (iii)). If the agency is able to demonstrate

"exceptional circumstances," FOIA provides that so long as "the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records." 5 U.S.C. § 552(a)(6)(C)(i). "Exceptional circumstances exist where: (1) the agency is deluged with a volume of requests for information on a level unanticipated by Congress; (2) existing agency resources are inadequate to deal with the volume of requests within the time limits established by § 552(a)(6)(C); and (3) the agency can show that it is exercising due diligence in processing the request." *Nat'l Day Laborer Org. Network*, 236 F. Supp. 3d at 819.

In this case, as noted above, Judge Payson issued a scheduling order requiring DOJ to complete its response to Plaintiff's FOIA request by no later than January 31, 2025. The parties have not cited, and the Court has had limited success finding in its own research, cases addressing the appropriate standard to apply in considering such a motion. However, in *Open Society Justice Initiative v. CIA*, 399 F. Supp. 3d 161 (S.D.N.Y. 2019), the court, in considering the government's request to modify the processing schedule in a FOIA case where expedited processing had been ordered, rejected the government's argument that the appropriate standard was the "good cause" requirement found in Federal Rule of Civil Procedure 16, and instead applied the standard on a motion for reconsideration. *Id*. at 163-64.

Ultimately, the Court need not resolve whether Defendant's motion is more properly considered as a motion for reconsideration or as a motion for modification of a scheduling order under Rule 16, because it finds extension of the deadlines

appropriate under either standard.  In particular, DOJ has explained that its Criminal Division issued an interim response pertaining to 2,178 pages of records responsive to Plaintiff's request on January 17, 2025, but that it has determined that the remaining 1,254 pages of potentially responsive records "contain information of interest to other DOJ components and/or Executive Branch agencies," and that it is accordingly required by law to consult with those other agencies regarding their information.  (Dkt. 26-1 at ¶¶ 15-16).  DOJ has further explained that it has already "sent out all consultations to other DOJ components and/or Executive Branch agencies that have equities within the remaining 1,254 potentially responsive pages." (*Id.* at ¶ 18).

Under these circumstances, the Court finds that the Rule 16 good cause standard is plainly met. "Diligence is the primary consideration in the good cause analysis." *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 198 (S.D.N.Y. 2014) (*citing Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 44 (2d Cir. 2007)).  DOJ has demonstrated that it has acted diligently in attempting to comply with the prior deadline, particularly by issuing an interim response on January 17, 2025.

The Court further finds that the standard for a motion for reconsideration is met.  Reconsideration may be appropriate based on "the availability of new evidence[.]" *Open Soc'y Just. Initiative*, 399 F. Supp. 3d at 164 (quotation omitted). At the time the scheduling order in this case was entered, it was not known to the parties or the Court that Defendant would require additional time to consult with several other DOJ components and Executive Branch agencies in order to fully

- 5 -

respond to Plaintiff's FOIA request.  The Court concludes that this is a sufficient basis to modify the prior scheduling order.

Plaintiff's opposition does not change the Court's conclusion.  Plaintiff opposes Defendant's request because he contends that Defendant "*actually* [has] no intention of providing [Plaintiff] with **any** pages without a COURT ORDER[.]" (Dkt. 28 at 2). This is speculation, and not a basis to deny Defendant's request.

For these reasons, the Court grants Defendant's motion.  The Court hereby: (1) extends the deadline to complete the processing of Plaintiff's FOIA request directed to the DOJ's Criminal Division to **May 30, 2025**; and (2) extends the other deadlines set in the Court's February 1, 2024 scheduling order by 120 days. Specifically, the Court extends the deadline for dispositive motions and a *Vaughn* index or declaration, if any, to **August 28, 2025**.  The Court will not set a briefing schedule as to any dispositive motions at this time, but will leave that to the discretion of Chief Judge Wolford, before whom any such motion shall be returnable.

The Court orders that any further requests for an extension of the deadlines in this case must be filed at least two weeks prior to the expiration of the deadline, and must be accompanied by a memorandum of law that expressly addresses the appropriate legal standard for assessing the requested extension.  The Court advises Defendant that it will not consider the information that has already been presented in connection with the instant request for an extension to be an adequate justification for a further extension.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court grants Defendant's motion for an extension (Dkt. 26), to the extent that it: (1) extends the deadline to complete the processing of Plaintiff's FOIA request directed to the DOJ's Criminal Division to **May 30, 2025**; and (2) extends the deadline for dispositive motions and a *Vaughn* index or declaration, if any, to **August 28, 2025**. Any further requests for an extension of the deadlines in this case must be filed at least two weeks prior to the expiration of the deadline, and must be accompanied by a memorandum of law that expressly addresses the appropriate legal standard for assessing the requested extension.

**SO ORDERED**.

COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:    Rochester, New York
          March 7, 2025