UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KIRK COTTOM,

                Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE (DOJ),

                Defendant.
_____

**DECISION AND ORDER**

6:23-CV-6307 EAW CDH

## INTRODUCTION

Plaintiff Kirk Cottom ("Plaintiff") alleges in this action that the United States Department of Justice ("Defendant") violated 5 U.S.C. § 552, known as the Freedom of Information Act ("FOIA"). (Dkt. 1; Dkt. 9 at 1). Plaintiff has filed a motion asking the Court to order Defendant to file a *Vaughn*[1] index and declaration "well before the . . . November 26, 2025 deadline" set in the Court's August 7, 2025 Decision and Order. (Dkt. 37 at 1-2; *see* Dkt. 36). For the reasons that follow, Plaintiff's motion is denied, but he will be permitted to file a cross-motion in response to Defendant's anticipated dispositive motion within 60 days of the November 26, 2025 deadline.

## BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural background of this matter for purposes of this Decision and Order. The facts and procedure salient to the instant motion are summarized below. This matter has been

---

[1]     *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973).

referred to the undersigned for all non-dispositive pretrial proceedings. (*See* Dkt. 8; Dkt. 25).

Plaintiff commenced this action on June 5, 2023. (Dkt. 1). On February 1, 2024, the Court entered a scheduling order that set the deadline to file dispositive motions and a *Vaughn* index or declaration for April 30, 2025. (Dkt. 21 at 1). Through subsequent motion practice, the Court extended the deadline to file dispositive motions and a *Vaughn* index or declaration to November 26, 2025. (*See* Dkt. 29; Dkt. 36)

On August 15, 2025, Plaintiff filed the instant motion, "ask[ing] for the Court to [o]rder [Defendant] to [s]ubmit a Vaughn Index . . . and a declaration (sworn under oath) describing why the claimed redactions from the released documents are legal and justified . . . well before the Court's November 26, 2025 deadline, in order for [] Plaintiff to finish formulating [his] motion for summary judgment[.]" (Dkt. 37 at 1-2 (emphasis omitted)). Plaintiff argues that he cannot properly prepare his anticipated dispositive motion without the benefit of a *Vaughn* index and declaration. (*Id.*).

On August 20, 2025, Defendant filed its opposition, arguing that Plaintiff's motion should be denied because "a Vaughn index and declaration forms the heart of [Defendant]'s summary judgment motion in a FOIA case" and that "it would make no sense for [Defendant] to submit those documents well before the dispositive motions deadline[.]" (Dkt. 39 at ¶¶ 13-14 (emphasis and quotation omitted)). Instead, Defendant requests that the Court allow Plaintiff "to file a cross-motion for summary judgment in opposition to [Defendant]'s motion . . . within 28 days of the filing of

[Defendant]'s summary judgment motion" pursuant to Local Rule of Civil Procedure 7(b)(2)(A). (*Id.* at ¶¶ 15-16).

On August 27, 2025, Defendant filed a letter advising the Court that it had "finished its processing of Plaintiff's FOIA request." (Dkt. 40).

## DISCUSSION

Based on the parties' submissions, the parties agree that Plaintiff should be permitted to review Defendant's forthcoming *Vaughn* index or declaration before being required to file a dispositive motion. (Dkt. 37 at 1; *see* Dkt. 39 at ¶¶ 14-16). Their disagreement lies in whether the appropriate remedy is to require Defendant to file the *Vaughn* index or declaration prior to the dispositive motion deadline (Plaintiff's position) or to adjust the deadline for Plaintiff to file his anticipated dispositive motion (Defendant's position).

Having carefully considered the parties' arguments, and having balanced the relevant equities, *see Brennan Ctr. for Just. at N.Y. Univ. Sch. of L. v. U.S. Dep't of State*, 300 F. Supp. 3d 540, 550 (S.D.N.Y. 2018), the Court concludes that the appropriate course is to allow Plaintiff to file his anticipated dispositive motion after receiving and reviewing Defendant's *Vaughn* index or declaration and dispositive motion. *See generally Wiener v. F.B.I.*, 943 F.2d 972, 977 (9th Cir. 1991) (explaining that the purpose of a *Vaughn* index "is to afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding") (quotation omitted). However, the Court finds that the 28-day timeline proposed by Defendant is not adequate, particularly in light of

Plaintiff's *pro se* status. *See Brennan Ctr.*, 300 F. Supp. 3d at 550 ("It would be unfair to allow Defendant months to prepare its case and then force Plaintiff to formulate [his] entire case within the short time [he] would have to respond to [Defendant's dispositive] motion.") (citation and original alterations omitted); *see People ex rel. Brown v. E.P.A.*, No. C-07-02055 JSW, 2007 WL 2470159, at *2 (N.D. Cal. Aug. 27, 2007) (same). Instead, the Court will afford Plaintiff 60 days after the November 26, 2025 deadline to file his anticipated dispositive motion.

For these reasons, the Court denies Plaintiff's motion for an order directing Defendant to file a *Vaughn* index and declaration "well before" November 26, 2025 (Dkt. 37 at 1-2), but instead grants Plaintiff leave to file a cross-motion in response to any dispositive motion filed by Defendant within 60 days of that date.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion (Dkt. 37) is denied. However, the Court modifies its August 7, 2025 Decision and Order (Dkt. 36) to expressly provide that Plaintiff may file a dispositive cross-motion within 60 days of November 26, 2025, the deadline set by the Court for Defendant to file its dispositive motion and a *Vaughn* index or declaration.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: Rochester, New York
       October 2, 2025