UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KIRK COTTOM,

                Plaintiff,

    v.

UNITED STATES DEPARTMENT OF
JUSTICE (DOJ),

                Defendant
_____

**ORDER**

23-CV-6307 EAW CDH

      Plaintiff Kirk Cottom ("Plaintiff") alleges in this action that the United States Department of Justice ("Defendant") violated 5 U.S.C. § 552, known as the Freedom of Information Act ("FOIA"). (Dkt. 1; Dkt. 9 at 1). The matter has been referred to the undersigned for all non-dispositive pretrial proceedings. (*See* Dkt. 8; Dkt. 25).

      On February 1, 2024, the Court entered a scheduling order setting the deadline to file dispositive motions and a *Vaughn* index or declaration for April 30, 2025. (Dkt. 21 at 1). Through subsequent motion practice, the Court extended the deadline to file dispositive motions and a *Vaughn* index or declaration to November 26, 2025. (*See* Dkt. 29; Dkt. 36).

      In a Decision and Order dated August 7, 2025 (the "August 7th Order"), the Court stated that:

> [A]ny further requests for an extension of the deadlines in this case must be filed at least two weeks prior to the expiration of the deadline and be accompanied by a memorandum of law detailing the legal basis for the requested extension. **The Court further warns Defendant that the Court will not grant any further extensions absent a significant and material change in circumstances in this case. Specifically,**

> **it will not consider any information currently in Defendant's possession, or that has already been presented in connection with the instant request, as adequate justification for any further extension.** Such information includes discussion of DOJ's staffing levels, workload, and volume of FOIA requests.

(Dkt. 36 at 8).

On October 2, 2025, the Court issued a Decision and Order that modified the August 7th Order to allow Plaintiff to file a dispositive cross-motion within 60 days of November 26, 2025. (Dkt. 42 at 4). Thereafter, Defendant made a motion to stay these proceedings due to a 43-day lapse in government appropriations (Dkt. 42), which the Court granted in part, extending the deadline for filing a dispositive motion and a *Vaughn* index to January 8, 2026 (*i.e.*, 43 days). (Dkt. 46). The Court further provided that Plaintiff could file a dispositive cross-motion within 60 days of that date. (*Id.*).

On December 12, 2025, Defendant filed the instant motion to "extend[] the deadline for the filing of Defendant's summary judgment motions and Vaughn Indices from January 8, 2026, to February 27, 2026," pursuant to Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b)(4). (Dkt. 47 at 1). In its motion, Defendant argues that "[t]here is good cause for this extension because (i) the FOIA units of the FBI and the Criminal Division are still catching up and recovering from the lapse in appropriations . . .; (ii) agency counsel for the Criminal Division, who was handling this case, has left the Criminal Division and additional time is needed for new agency counsel to review this file and . . . assist with the preparation of the motion and Vaughn index; and (iii) the Criminal Division must coordinate with the FBI in the preparation of the summary judgment motions and Vaughn indices because many of

the documents in the possession of the Criminal Division that are potentially responsive to Cottom's FOIA request originated with the FBI." (*Id.* at 3-4).

In response, Plaintiff has filed a cross-motion opposing Defendant's request for an extension. (Dkt. 48 at 1). Plaintiff also argues that Defendant's claim that the FBI could not identify records responsive to Plaintiff's FOIA request is false. (Dkt. 48 at 1-3, *see also* Dkt. 47 at 2-3). Plaintiff bases this assertion on an "NIT Report" he has attached as an exhibit to his cross-motion that he claims the FBI generated in connection with "Operation Torpedo." (Dkt. 48 at 1). Plaintiff further alleges that the report served as the basis for his 2013 criminal indictment and is responsive to his FOIA request. (*Id.*). Plaintiff's cross-motion asks the Court to: (1) treat Defendant's claim regarding the FBI as withdrawn or stricken; (2) order Defendant to produce "[a]ll NIT Reports for individuals charged; . . . [t]he operational search methodology used . . .[; and] [a]ll internal communications referencing the search for or handling of NIT Reports in response to [his] request"; and (3) sanction Defendant pursuant to 28 U.S.C. §1927 and the Court's inherent authority. (*Id.* at 3). Defendant filed a response to Plaintiff's cross-motion on January 9, 2026. (Dkt. 50; Dkt. 51).

Considering first Defendant's motion for an extension of time, the Court notes that Defendant's motion has not been properly supported by a memorandum of law, as required by the August 7th Order. Further, Defendant's motion does not adequately explain why it requires an extension of the existing deadlines due to the recent lapse in appropriations that exceeds the extension the Court has already granted. (*See* Dkt. 49). Instead, Defendant's motion primarily reiterates arguments regarding its

workload, in contravention of the August 7th Order. (*See* Dkt. 47 at 3-4). Nonetheless, considering Defendant's recent change in counsel (*id.*), the Court will extend the deadline to file dispositive motions and a *Vaughn* index or declaration to **February 20, 2026**. This deadline is almost 10 months later than the dispositive motion deadline originally set by the Court in February 2024. (*See* Dkt. 21). The Court has now granted Defendant an extension of that deadline on four separate occasions. (*See* Dkt. 29; Dkt. 36; Dkt. 46). Barring genuinely exceptional circumstances, **the Court will not entertain any further requests for an extension of Defendant's deadline for filing dispositive motions and a *Vaughn* index or declaration**.

The Court next considers Plaintiff's cross-motion. Plaintiff invokes 28 U.S.C. § 1927, which provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "A federal court may also exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Jones v. Combs*, 759 F. Supp. 3d 534, 539 (S.D.N.Y. 2024) (internal quotation and alteration omitted) (citing *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 141 (2d Cir. 2023)). "The standard for imposing sanctions pursuant to the Court's inherent power is the same as that under Section 1927: (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Jones*, 759 F. Supp. 3d at 539 (internal quotation

omitted). "The decision to issue sanctions under either ground lies within th[e] Court's broad discretion." *U.S. v. Prevezon Holdings, Ltd.*, 305 F. Supp. 3d 468, 478 (S.D.N.Y. 2018).

Here, Plaintiff presents no evidence to affirm his assertion that Defendant lied in stating that the FBI could not locate documents responsive to his FOIA request. Plaintiff provides no substantiating proof that his attached exhibit was generated by the FBI in connection with "Operation Torpedo" or that it served as the basis for his criminal indictment in 2013 and is responsive to his FOIA request. (Dkt. 48 at 1). Plaintiff also does not argue that Defendant's statements were made to harass him or delay these proceedings. *See Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 286 n.22 (2d Cir. 2021) ("[A] showing of bad faith by clear and convincing evidence is a prerequisite to imposing sanctions under both § 1927 and the district court's inherent authority[.]"). Thus, the Court declines to award Plaintiff sanctions pursuant to § 1927 or its inherent authority.

Regarding his remaining requests, Plaintiff provides no legal basis for the Court to order production of NIT Reports, operational methodology, or internal communications related to such NIT Reports. (*See* Dkt. 48 at 3). Plaintiff has presented no concrete evidence that defense counsel's statements are untrue. Absent such evidence, the Court is entitled to rely on representations made by defense counsel that the FBI failed to identify records responsive to Plaintiff's FOIA request. *See Greer v. Carlson*, 1:20-CV-05484-LTS-SDA, 2020 WL 7028922, at *3 (S.D.N.Y. Nov. 29, 2020) ("[Defense] counsel is admitted to practice in this Court and

is an officer of the Court. If a statement made by counsel is false, he can be subject to discipline. Thus, courts often rely upon statements made by counsel."). Consequently, the Court does not find further relief warranted at this time.

For the foregoing reasons, the Court grants Defendant's motion for an extension (Dkt. 47), to the extent that it extends the deadline to file dispositive motions and a *Vaughn* index or declaration, if any, to February 20, 2026. Plaintiff's motion for sanctions (Dkt. 48) is denied. **The Court warns Defendant that no further extensions will be granted absent an extraordinary and material change in circumstances that has not yet been presented in connection with Defendant's previous requests.** Plaintiff may file a dispositive cross-motion within 60 days of February 20, 2026, the deadline set by the Court for Defendant to file its dispositive motion and a *Vaughn* index or declaration.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:   Rochester, New York
         January 29, 2026